Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000503
27-JUL-2016
07:50 AM

NO. CAAP-14-0000503

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALLEN VIDAL, Claimant-Appellant, v. STATE OF HAWAI'I,
DEPARTMENT OF TRANSPORATION, Employer-Appellee, Self Insured,
and SPECIAL COMPENSATION FUND, Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-036 (2-04-41062))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Through his notice of appeal filed on February 26, 2014, Claimant-Appellant Allen Vidal (Vidal), *pro se*, appeals from a series of decisions of the Labor and Industrial Relations Appeals Board (LIRAB). Based on this vaguely worded notice that does not identify any judgments or final orders, it appears that, pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 and Supp. 2015) and Tam v. Kaiser Permanente, 94 Hawai'i 487, 494-95, 17 P.3d 219, 226-27 (2001), we have appellate jurisdiction over Vidal's appeal from the following two orders by the LIRAB that collectively resolved the administrative appeal before the LIRAB in Case No. AB 2009-036:

(1) a May 2, 2012 decision and order affirming the Director of Labor and Industrial Relations's (Director) January 26, 2009 decision suspending a determination of the compensability of Vidal's claim pursuant to HRS § 386-79 (2015) and Hawaii Administrative Rules (HAR) § 12-10-75 until such time

as Vidal complies with the Director's prior May 19, 2005 order requiring Vidal to submit to a medical examination (May 2012 Decision and Order), and

(2) a December 27, 2013 "disposition order" (a) acknowledging that the Department of Transportation (DOT) withdrew its request for review of the Director's denial of DOT's request for reimbursement of a no-show fee that a physician had assessed against DOT and (b) declaring that the LIRAB had adjudicated all issues in Case No. AB 2009-036 (December 2013 Disposition Order).

We address the arguments presented by Vidal as they pertain to these orders.[1]

**A.   Res Judicata does not apply to Vidal's instant appeal.**

Vidal argues in his March 13, 2014 and April 4, 2014 filings that this court's April 9, 2008 memorandum opinion in appeal No. 28363 (Memorandum Opinion), wherein this court decided the LIRAB was incorrect in ruling in its Decision and Order that Vidal's workers' compensation claim was time-barred by HRS § 386-

---

[1]     Vidal's filings, filed on March 13, 2014, March 18, 2014, March 21, 2014, April 4, 2014, and April 11, 2014, none of which are entitled an opening brief, do not individually or collectively comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in any respect.  Moreover, such filings, at least those filed after the first, March 13, 2014 "Opening Statement," which we will construe as Vidal's opening brief, were not authorized by rule or order of this court. Such a wholesale violation of our rules is grounds for sanction, including dismissal of the appeal.  HRAP Rule 30; Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85, 979 P.2d 1107, 1111 (1999) ("[S]uch noncompliance offers sufficient grounds for the dismissal of the appeal.") (citing Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995)).

However, in light of our policy to decide cases on the merits where possible, Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558, we will attempt to address the matters raised by Vidal to the extent we can ascertain them.  As we have limited our consideration to those matters bearing on the LIRAB's orders pertaining to Vidal's failure to submit to an independent medical examination (IME), we do not consider his representation of facts regarding his work conditions.  We therefore deny Vidal's motion filed on June 4, 2014 asking this court to take judicial notice of these facts.

We point out that court rules are designed, not only to aid the court in its orderly, fair, and expeditious disposition of cases, but to assist the parties and their attorneys in presenting their claims and arguments in the best possible light.  Vidal is cautioned that in future, he must consult the appropriate rules of court and comply with them or face the possibility of sanctions.

82 and remanded this case to the LIRAB for further proceedings, was "res judicata." Vidal does not articulate clearly how res judicata applies to the Memorandum Opinion. Suffice it to say that none of the actions or decisions of the LIRAB or this court are inconsistent with the Memorandum Opinion and therefore Vidal has not shown how the May 2012 Decision and Order or the December 2013 Disposition Order were precluded by res judicata.

> B. **Vidal's argument that his VA disability determination is dispositive of his state workers' compensation claim is without merit.**

Vidal argues in his March 21, 2014 filing that in his

> opinion, these public laws and the Code of Federal Regulations are in fact part of the Constitution of these United States and therefore is the supreme law(s) of the land. These law(s) preempts[sic] the State Law HRS 386-79 which suspended my benefits. Therefore the State of Hawaii Department of Labor and Industrial Relations is in gross error by ignoring this disability awarded on December 8, 2003 by the Department of Veterans Affairs of 100%, with "The Seal"; where no court in these United States may ignore the a [sic] certificate of disability under The Code of Federal Regulations, part of the Constitution of These United States.

Vidal does not explain how a determination of disability for veterans' benefits precludes a state determination of eligibility for state workers' compensation benefits. The Director is granted exclusive power and jurisdiction over state workers' compensation claims pursuant to HRS § 386-73 (2015).[2] Vidal does not dispute that he was lawfully employed by the DOT. See HRS § 386-1 (defining employment). Therefore, Vidal's employment at Honolulu International Airport falls within the scope of chapter 386 and Vidal's claim is correctly heard by the Director.

---

[2] **§ 386-73 Original jurisdiction over controversies.** Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter. The decisions of the director shall be enforceable by the circuit court as provided in section 386-91. There shall be a right of appeal from the decisions of the director to the appellate board and thence to the intermediate appellate court, subject to chapter 602, as provided in sections 386-87 and 386-88, but in no case shall an appeal operate as a supersedeas or stay unless the appellate board or the appellate court so orders.

By contrast, 38 U.S.C. § 1114 (2012), to which Vidal cites, provides disability ratings for "wartime disability compensation." Moreover, while 38 U.S.C. § 511(a) (2012), provides that decisions made by the Secretary of the Department Veterans Affairs (VA) are final and unreviewable "by any other official or by any court, whether by an action in the nature of mandamus or otherwise[,]" this determination applies to "all questions of law and fact necessary to a decision by the Secretary under a law that affects <u>the provision of benefits by the Secretary</u> to veterans or the dependents or survivors of veterans" (emphasis added). Thus, this conclusive determination by the VA is limited to VA benefits.

Vidal's argument that Title 38 of the United States Code governing veterans' benefits takes precedence over a determination by the Director for a state workers' compensation claim, is without merit.

C.     HRS § 386-79 does not present any conflicts with other agencies and their independent disability ratings or "the current medical system."

Vidal also maintains that in his opinion, the legislature's intent in permitting IMEs pursuant to HRS § 386-79 "was not to create a medical re-evaluation that would deprive the person of social security or retirement benefits but to determine the health rating for workers compensation benefits" and that HRS § 386-79 "does not address the close relationship of other benefits and the percentage system of the HRS chapter 386 does and will affect any medical ratings of all other benefits of the same injury." Vidal apparently believes that a determination of injury or lack of injury following an IME ordered pursuant to HRS § 386-79 will somehow affect his disability rating found by the VA. However, Vidal points to no evidence in the record nor legal authority for his assertion that a determination on his workers' compensation claim would have any effect on his eligibility for any other benefits, state or federal.

4

Nor is it clear what Vidal means when he argues that HRS § 386-79 is in conflict with the current medical system. It is clear that the intent of the legislature in enacting HRS § 386-79 was to allow the Director to order a claimant to submit to an IME. Should a claimant refuse to do so, HRS § 386-79 permits the Director to suspend a determination of injury.[3]

Pursuant to HRS § 386-79, Vidal "shall have the right to have a physician or surgeon designated and paid by [himself] present at the examination." Vidal appears to argue that it is impracticable, if not impossible to have his VA doctor attend the IME ordered by the Director. However, Vidal does not provide record citations to where in the record he raised this argument or where evidence of his factual allegations underlying this argument were presented to either the Director or the LIRAB. As there are no transcripts of the hearing before the LIRAB in the record, we are unable to review what was presented. Therefore, Vidal's inability to arrange for his VA doctor to attend his IME does not present a viable legal or factual challenge to the Director's authority to suspend a determination of compensation.

D. **Vidal has not been denied due process due to the suspension of a determination of his workers' compensation claim.**

Vidal also claims he is being denied due process:

Not all the evidence in this case was determined and commented on by the tribunal such as the criminal activities

---

[3] HRS § 386-79 provides, in pertinent part,

After an injury and during the period of disability, the employee, whenever ordered by the director of labor and industrial relations, shall submit to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer. The employee shall have the right to have a physician or surgeon designated and paid by the employee present at the examination, which right, however, shall not be construed to deny to the employers' physician the right to visit the injured employee at all reasonable times and under all reasonable conditions during total disability.

If an employee refuses to submit to, or in any way obstructs such examination, the employee's right to claim compensation for the work injury shall be suspended until the refusal or obstruction ceases and no compensation shall be payable for the period during which the refusal or obstruction continues.

of the management and the acts of war by another country which among other evidence was not acted on and not mentioned mainly the Code of Federal Regulations which was part of the creation of a certificate of disability of 100% disability which enabled this claim in the first place (Title 38 of the Code of Federal Regulation) the preamble states that the Code will be recognized in all Courts of Law in the United States. Therefore I did not receive "Due Process" and my civil right(s) has been violated according to the ADA laws of these United States.

A similar argument was presented by the appellant in Tam v. Kaiser Permanente, 94 Hawai'i 487, 17 P.3d 219 (2001). In Tam, the appellant argued that the DLIR director's decision to suspend a determination of workers' compensation compensability was in error, because its "medical examination order was constitutionally defective and, therefore, unenforceable[.]" Id. at 490, 17 P.3d at 222. The Hawai'i Supreme Court disagreed with Tam's argument, holding that the DLIR director's ordered medical examination "did not deprive Tam of any property interest in worker's compensation benefits protected by the right to due process and that the agency hearing conducted prior to the suspension of her benefits afforded her procedural safeguards adequate to satisfy the requisites of constitutional due process[.]" Id. (internal citation omitted).

Vidal was also protected by procedural safeguards. In the Disability Compensation Division's (DCD) January 26, 2009 decision, it notes that a hearing was held on December 17, 2008, in order to determine whether Vidal's workers' compensation claim should be suspended pursuant to the Director's May 19, 2005 order. Prior to this hearing, Vidal submitted an "opening statement" and "introduction of evidence" wherein he supplied the DCD with multiple documents, including a personal affidavit. The DCD's January 26, 2009 decision notes that it considered Vidal's arguments regarding a 2002 medical examination performed by a Dr. Tan, res judicata, and collateral estoppel, and that DOT's right to have Vidal submit to an IME was satisfied. Vidal presents no

further argument to support his claim that he was denied due process, and we do not find any evidence of this alleged denial.

Based on the foregoing, the May 2, 2012 Decision and Order and the December 27, 2013 Disposition Order entered by the Labor and Industrial Relations Appeals Board in Case No. AB 2009-036 are affirmed.

DATED: Honolulu, Hawai'i, July 27, 2016.

On the briefs:

Allen Vidal,
Claimant-Appellant, pro se.

Gary N. Kunihiro and
Shawn L.M. Benton
(Leong Kunihiro Lezy & Benton)
for Employer-Appellee, Self
Insured.

Presiding Judge

Associate Judge

Associate Judge

7